1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESONANCE TECHNOLOGY, INC., | NO.    CV09-09538 MRP (PLAx) |
| Plaintiff, | Ctrm:                                    12 |
| v. | Judge:   The Hon. Mariana R. Pfaelzer<br>Date Action Filed:          12/30/2009 |
| SCHILLER AG, a Swiss corporation,<br>SCHILLER AMERICA, INC., a Florida<br>Corporation, | PROTECTIVE ORDER |
| Defendants. | |
| SCHILLER AG, a Swiss corporation,<br>SCHILLER AMERICA, INC., a Florida<br>corporation, | |
| Cross-Claimants, | |
| v. | |
| RESONANCE TECHNOLOGY, INC., | |
| Counter-Defendant.. | |

## **PROTECTIVE ORDER**

        To expedite the flow of discovery material, to facilitate the prompt resolution

of disputes over confidentiality of discovery materials, to adequately protect

information the parties are entitled to keep confidential, to ensure that only materials

1  the parties are entitled to keep confidential are subject to such treatment, and to

2  ensure that the parties are permitted reasonably necessary use of such materials in

3  preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is

4  hereby **ORDERED THAT:**

5       1.     Any party to this Action or any third-party from whom discovery is

6  sought who produces information (including, without limitation, writings, discovery

7  responses, deposition transcripts, recorded testimony, etc.) alleged by such party to

8  constitute or contain confidential or proprietary information ("Confidential

9  Information"), may designate such material as being subject to this stipulated

10  protective order.  For purposes of this Order, Confidential Information shall mean

11  information or materials produced in this Action that any party or third-party

12  considers in good faith to constitute or contain trade secrets, other confidential

13  research and development information, and/or confidential financial information.

14  Writings, discovery responses, pleadings or other documents produced or generated

15  in this Action that contain Confidential Information shall be so designated by

16  stamping on or otherwise permanently affixing the designation "CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" to such material in a manner that does not obscure or

18  deface the material or any portion of the contents.

19       2.     The parties to this Action agree to act reasonably with regard to

20  designating material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to

21  use good faith efforts to resolve disputes regarding such designation and other issues

22  concerning this stipulated protective order.

23       3.     Material designated as "CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY" and produced during discovery or generated in connection with this Action

25  shall be used solely for purposes of this Action and any further proceedings herein.

26  Such material and the information contained therein shall not be used for any

27  business, competitive or other purposes, and shall not be disclosed to any person or

28  entity, except in conformity with the terms of this stipulated protective order.

1    4.    Access to and/or disclosure of Confidential Information shall be

2 permitted only to the following persons:

3         (a)    Counsel for the parties, their partners and associates, and staff and

4 supporting personnel of such attorneys, such as paralegal assistants, secretarial,

5 stenographic and clerical employees and contractors, outside copying services,

6 attorney services, messenger services, litigation support firms, private investigators,

7 jury consulting firms, and other outside vendors who are working on this Action (or

8 any further proceedings herein) under the direction of such attorneys and to whom

9 counsel believes in good faith it is necessary that the materials be disclosed for

10 purposes of this Action;

11         (b)    Experts and consultants retained by the parties to assist in this

12 Action, but only after having read this stipulated protective order and having

13 executed the form of Undertaking attached hereto as exhibit A;

14         (c)    Any person who authored, received or saw a document or thing

15 marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or who was otherwise

16 familiar with the Confidential Information contained therein prior to this proceeding,

17 but only to the extent of the person's prior familiarity with the Confidential

18 Information;

19         (d)    Court reporters in this Action (whether at depositions, hearings,

20 or any other proceeding);

21         (e)    The jury;

22         (f)    Any other persons to whom the parties agree in writing, subject to

23 any terms the parties agree upon in connection with such a disclosure; and.

24         (g)    Any deponent not otherwise entitled to access Confidential

25 Information by virtue of any of the other subdivisions of this paragraph whom

26 counsel believes in good faith may provide relevant testimony related to the topics

27 embraced by the particular Confidential Information that is necessary to the party's

28 presentation of the case, provided that each document comprising Confidential

1  Information that will be shown to the deponent is identified to counsel for the party
2  that produced the Confidential Information prior to the deposition.

3       5.     Counsel shall retain copies of any and all Undertakings signed
4  hereunder by any individual, and counsel shall produce such Undertakings for
5  inspection upon demand by either the court or the opposing counsel upon reasonable
6  notice

7       6.     Prior to disclosing any Confidential Information to outside experts or
8  consultants identified in paragraph (b), the party seeking to disclose the information
9  under this paragraph shall: (1) provide the producing party (whose confidential
10  information is at issue or who produced the information) with: (i) the person's name;
11  (ii) the person's present employer and title, (iii) an up-to-date curriculum vitae of the
12  person; (iv) an identification of any work performed by that person for or on behalf
13  of any party in this Action within the four-year period before the filing of this
14  Action; (v) a list of cases in which the expert or consultant has testified at deposition,
15  at a hearing, or at trial within the last four years; and (vi) a general identification of
16  the Confidential Information that it seeks to disclose. Within five (5) court days of
17  submission of this information to the producing party, the producing party may
18  object to the proposed outside expert or consultant on a reasonable basis, or, if it
19  believes in good faith that it needs more information concerning the proposed expert
20  or consultant to make a decision about whether to object, may request additional
21  information as it believes necessary for the decision. If the producing party requests
22  additional information about the individual to whom the information is proposed to
23  be disclosed, the deadline for the producing party to object to the disclose is the later
24  of: (a) five (5) court days after the information is provided, or (b) five (5) court days
25  after the party seeking to disclose the confidential information declines to provide the
26  requested information.

27       (a)     If an objection to disclosure is made within the time required, the
28  parties shall meet and confer within five (5) court days and, if not resolved, the party

1  seeking to disclose the information must file a motion seeking permission from the
2  Court to do so.  In any such proceeding, the party opposing disclosure to the expert
3  shall bear the burden of proving that the risk of harm that the disclosure would entail
4  (under the safeguards proposed) outweighs the receiving party's need to disclose the
5  Confidential Information to its proposed expert.

6         (b)    Where an objection is made, no such information shall be
7  disclosed to the consultant or expert until the objection is withdrawn or resolved by
8  the Court.

9       7.    Confidential Information shall be retained in the possession and control
10  of the parties and counsel in such a manner as to preserve its confidential nature and
11  to carry out the terms of this stipulated protective order.  In the event any party
12  receives a subpoena, discovery request, or any other type of demand requiring the
13  disclosure of Confidential Information designated by another party or third-party,
14  unless such a request is made in connection with and under the auspices of this
15  Action, that party shall promptly provide a copy of the subpoena or other discovery
16  request to counsel of record of the other party or parties to this Action and the
17  designating party or third party.  In the event the designating party or third party is
18  not represented by counsel, such materials shall be provided to the party or third
19  party itself.

20       8.    Should a party plan to use Confidential Information supplied by another
21  party in open court, or during a deposition, during a pretrial hearing, at trial, or
22  during any other public or private proceeding during which a person not entitled to
23  access such information may reasonably be expected to be present and have access to
24  the Confidential Information, notice of such intention shall be given to the producing
25  party prior to the contemplated use to enable the producing party, if necessary, to
26  move this court for protection of the Confidential Information from public disclosure
27  or other appropriate relief.  In connection with a motion or other hearing, the
28  inclusion of such a document or information within the moving, opposition or reply

1 | papers, or on an exhibit list, shall be deemed to satisfy the requirements of this
2 | paragraph. All Confidential Information used in connection with a motion,
3 | opposition, reply or any other paper filed with he Court shall be filed under seal. In
4 | connection with depositions, the requirements of this paragraph shall be deemed
5 | satisfied by providing a copy of the Confidential Information to opposing counsel
6 | during the deposition before questioning the deponent about the Confidential
7 | Information.

8 |         9.      A party may in good faith request that no one except those persons
9 | permitted access to Confidential Information under this stipulated protective order be
10 | present for a portion of a deposition in which counsel reasonably anticipates that
11 | Confidential Information will be disclosed or discussed. To the extent possible,
12 | counsel shall make appropriate arrangements to ensure that only such persons are
13 | present during such portions of depositions. Any good faith failure to make such a
14 | request shall not be deemed a waiver by any party of their right to designate any
15 | portion of the deposition transcript or exhibits as Confidential Information. Prior to
16 | showing a deponent any Confidential Information during the course of a deposition,
17 | questioning counsel shall present the Confidential Information to the other
18 | participating counsel for purposes of resolving any issue concerning a deponent's
19 | entitlement to access such information.

20 |         10.     The parties shall have 30 days following the service of the deposition
21 | transcript by the court reporter to designate any portion of the transcript as containing
22 | Confidential Information, and during this 30-day period, the entirety of the
23 | transcripts shall be considered to be Confidential Information. If such designation is
24 | made prior to the court reporter's preparation of the transcript, the designating party
25 | shall instruct the court reporter to mark the designated portions of the transcript as
26 | "CONFIDENTIAL - ATTORNEYS' EYES ONLY." No entire deposition transcript
27 | shall be designated Confidential Information unless it is impractical to designate
28 | specific portions of the transcript as Confidential Information.

-6-

1    11.    If any Confidential Information is inadvertently produced without being
2  marked in accordance with this stipulated protective order, the failure to so mark the
3  document or other material shall not be deemed a waiver of its confidentiality.  If a
4  designating party (or its counsel) discovers that such document or material has been
5  inadvertently produced without the proper marking, it shall take prompt and
6  reasonable steps to attempt to have the document or material marked as Confidential
7  Information or returned to the party producing the document or material to be
8  marked pursuant to Paragraph 1 of this stipulated protective order.

9    12.    If any Confidential Information submitted by a producing party under
10  the terms of this stipulated protective order is disclosed by a receiving party to any
11  person other than in the matter authorized by this stipulated protective order, any
12  party having actual knowledge of such disclosure by that party or its agents shall
13  notify the designating party of (1) the Confidential Information disclosed, (2) the
14  party to whom it was disclosed, and (3) the date of disclosure.

15    13.    This stipulated protective order shall be without prejudice to the right of
16  either party (a) to bring before the court at any time the question of whether any
17  particular document or information is confidential or whether its use should be
18  restricted; and (b) to present a motion to the court for a separate protective order as to
19  any particular document or information, including restrictions differing from those as
20  specified herein.  This stipulated protective order shall not be deemed to prejudice
21  either party in any way in any future application for modification of this stipulated
22  protective order.

23    14.    If a receiving party disagrees, in whole or in part, with a producing
24  party's designation as Confidential Information of any information produced
25  pursuant to this stipulated protective order, the party challenging such designation
26  shall notify the producing party in writing of its objections on a document-by-
27  document basis.  The parties shall then confer as to the status of the confidential
28  designation with respect to the information produced under the terms of this

-7-

1   stipulated protective order.

2        15.    If, after meeting and conferring, the parties are unable to reach
3   agreement as to the status of the designation of any information as Confidential
4   Information, the designating party shall file a motion with the court seeking a
5   resolution the parties' dispute.  If the designating party files such a motion, the
6   information at issue shall be treated as Confidential Information pending resolution
7   of the dispute by the court.  In the event the designating party fails to file such a
8   motion by that time, the designation shall be deemed withdrawn.

9        16.    This stipulated protective order is entered solely for the purpose of
10  facilitating the exchange of documents and information between the parties to this
11  stipulation and third parties without involving the court unnecessarily in this process.
12  Nothing in this stipulated protective order, nor the production of any information or
13  document under the terms of this stipulated protective order, nor any proceeding
14  pursuant to this stipulated protective order, shall be deemed to have the effect of an
15  admission or waiver by either party (or any third party) or of altering the
16  confidentiality or non-confidentiality of any such document or information or
17  altering any existing obligation of any party or the absence thereof.

18       17.    All obligations and duties arising under this stipulated protective order
19  and under any acknowledgment or agreement pursuant to this stipulated protective
20  order shall survive the termination of this Action.

21       18.    Notwithstanding any provisions of this order to the contrary, nothing
22  contained herein shall be deemed a waiver of any applicable privilege in the instant
23  litigation including, but not limited to, the attorney-client privilege and the mediation
24  privilege.

25       19.    Except as expressly stated herein or necessary to extend deadlines, by
26  agreement of the parties hereto for purposes of engaging in further efforts to meet
27  and confer to resolve disputes hereunder, no modification, addition, or other change
28  of this stipulated protective order shall be effective unless it has been set out in

-8-

1 writing and signed by all counsel of record and is approved by the court.

2    20.    This stipulated protective order may be executed in counterparts and
3 shall be deemed contractually binding upon each party's execution of this stipulated
4 protective order, notwithstanding whether all parties have executed this stipulated
5 protective order or whether the court has signed this stipulated protective order.

6    21.    This protective order does not affect or alter a producing party's right to
7 refuse to disclose information properly subject to the attorney-client privilege or the
8 attorney work product doctrine.  If a party (or third party), through inadvertence,
9 produces or provides discovery that it believes is subject to a claim of attorney-client
10 privilege, attorney work product immunity, or is otherwise protected from disclosure,
11 the producing party may give prompt and timely written notice to the receiving party
12 or parties that the document is subject to a claim of attorney-client privilege, work
13 product immunity, or other protection from disclosure, and request that the discovery
14 be returned to the producing party.  The receiving party or parties shall within five
15 (5) court days return to the producing party such discovery.  Return of the document
16 by the receiving party shall not constitute an admission or concession, or permit and
17 inference, that the returned document or thing is, in fact, properly subject to a claim
18 of attorney-client privilege, work product immunity, or other protection from
19 disclosure, nor shall it foreclose any party from moving the Court for an order that
20 such document or thing has been improperly designated or should be discoverable
21 and/or usable in this Action for reasons other than a waiver caused by the inadvertent
22 production.

23    22.    Nothing in this protective order shall bar counsel from rendering advice
24 to their client with respect to this litigation and, in the course thereof, relying upon
25 any Confidential Information, provided that counsel does not disclose Confidential
26 Information in a manner not specifically authorized under this protective order.

27    23.    Within thirty (30) days following the final termination of this Action by
28 dismissal, judgment, or settlement, counsel for the party or parties receiving

1  Confidential Information shall certify destruction or producing the Confidential
2  Information to counsel for the party, parties, or third party disclosing or producing
3  the Confidential Information. Notwithstanding this provision, counsel for the party,
4  parties, or third party are entitled to retain an archival copy of all pleadings, motion
5  papers, transcripts, legal memoranda, correspondence or attorney work product, even
6  if such material contains Confidential Information. Any such archival copies that
7  contain or constitute Confidential Information remain subject to the protective order.

8

9      IT IS SO ORDERED:

10

11  Dated: December 2, 2010

12  THE HONORABLE MARYANA R. PFAELZER
    Judge of the United States District Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

<u>UNDERTAKING</u>

I, _____, hereby certify that I have been given a copy of the stipulated protective order entered in the action styled as *Resonance Technology, Inc. v. Schiller AG, a Swiss corporation, Schiller America, Inc., a Florida Corporation, and related cross-actions*, Case No. CV09-09538 MRP (PLAx), currently pending in the United States District Court, Central District. I have read the stipulated protective order and am familiar with its terms. I agree to be bound by the terms of the stipulated protective order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 20___, at _____, _____.


_____
SIGNATURE

_____
PRINT NAME

-11-